AIR TERMINAL SERVICES, Inc. v. RENTZEL et al.

Civ. No. 394.

United States District Court E. D. Virginia, Alexandria Division.

Jan. 3, 1949.

Frederic J. Ball and F. Cleveland Hedrick, Jr., both of Washington, D. C., and Thomas R. Dyson, of Alexandria, Va., for plaintiff.

George R. Humrickhouse, U. S. Atty., of Richmond, Va., Melvin H. Siegel, Dept. of Justice, of Washington, D. C., H. G. Morison, Asst. Atty. Gen., and (Edward H. Hickey, Dept. of Justice, of Washington, D. C.), for defendants.

BRYAN, District Judge. ·

The question here is whether a regulation of the Administrator of Civil Aeronautics, prohibiting the maintenance of racial segregation at the Washington National Airport, is invalid as violative of a Federal criminal statute said to be adoptive of the segregation laws of Virginia, specifically, those in respect to restaurants.

The location of the Airport within the exterior boundaries of Virginia, and the exclusiveness of the Federal jurisdiction over the Airport with certain exceptions not controlling here, are not and cannot be questioned. Acts of the General Assembly of Virginia of 1946, c. 26, p. 46; Public Law 208, 79th Congress, Approved October 31, 1945, sec. 107, 59 Stat. 553. But it is urged that the Federal criminal code requires racial segregation within the Airport. The reference is to the Federal assimilative crimes statute, sec. 13, Title 18 United States Code Annotated, expressly made applicable to the Airport by Section 106, Public Law 208, supra, providing that any act or omission on a Government reservation, which would be punishable under the laws of the State in which the reservation is situated if committed within the jurisdiction of that State, shall be a Federal crime with the same punishment as is fixed by the State law. The content of the Virginia statutes, Secs. 1796a and 1796 b, Code of Virginia, as amended, compelling by criminal sanctions the separation of the white and colored races in places of public assemblage and entertainment, is said to be thus made the subject matter of a Federal criminal statute. No other Federal law is cited as establishing segregation at the Airport.

The fundamental purpose of the assimilative crimes act was to provide each Federal reservation a criminal code for its local government; it was intended "to use local statutes to fill in gaps in the Federal Criminal Code". It is not to be allowed to override other "federal policies as expressed by Acts of Congress" or by valid administrative orders, Johnson v. Yellow Cab Co., 321 U.S. 383, 389, 64 S.Ct. 622, 626, 88 L.Ed. 814, and one of those "federal policies" has been the avoidance of race distinction in Federal matters. Hurd v. Hodge, 334 U.S. 24, 34, 68 S.Ct. 847. The regulation of the Administrator, who was authorized by statute, Act June 29, 1940, 54 Stat. 686, to promulgate rules for the Airport, is but an additional declaration and effectuation of that policy, and therefore its issuance is not barred by the assimilative crimes statute.

The injunction will be denied, the complaint dismissed.